JOHN S. DANCY, Adm'r. &c., v. WM. H. SMITH and another.

In a suit by an administrator to recover the amount of a note given to a for-
mer administrator (*pendente lite*) of the same intestate, *it is no error* for the
Judge of the Superior Court to order such administrator *pendente lite* to be
made a party, if, in his discretion, it be necessary to a proper determination
of the cause.

(*Johnston* v. *Neville*, 177 ante, cited and approved.)

CIVIL ACTION, tried by *Cloud, J.*, at the Special (January)
Term, 1873, of HALIFAX Superior Court.

The plaintiff sued the defendants on a note given by them
to a former administrator (*pendente lite*) of his intestate, for
property purchased at a sale of such first administrator.

As a defense, the defendants allege in their answer that
Whitmore, the administrator *pendente lite* induced the de-
fendant, Wm. H. Smith, to purchase the property at the
sale above alluded to, upon the promise that the amount of
his bid, to-wit: $354.99, should be credited on a claim which
he held against the administrator's intestate. Soon after
the sale, and before the note he gave became due, another
administrator was appointed, who refused to carry out the
said agreement. There were other allegations in the an-
swer, not material at this time to be stated.

His Honor upon hearing the pleadings, adjudged that
Henry B. Whitmore, the administrator *pendente lite,* be made
a party defendant, to the end that the promise alleged in
the answer might be litigated. From this judgment the
plaintiff appealed.

*Battle & Son,* and *Conigland,* for appellant.
*Moore & Gatling,* contra.

SETTLE, J. The only point raised by the pleadings is de-
cided in *Johnston* v. *Neville* at this term. Here his Honor
directed one Whitmore to be made a party defendant upon

the suggestion that he had while administrator *pendente lite* induced the defendant W. H. Smith to bid at the sale of the effects of his intestate, promising the said Smith that the amount of his bids should go as a payment on a large debt due from his intestate to the said Smith.

This alleged agreement has never been executed; on the contrary the plaintiff now seeks to recover the amount of the defendants' bid.

His Honor it appears deemed it equitable that Whitmore should be made a party; but whether the defendant Smith will be benefited thereby or otherwise it is not for us to consider.

There is no error.

This will be certified.

PER CURIAM.                    Judgment affirmed.